IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RODOLFO ROSALES § | |
| § | |
| VS. § | CIVIL ACTION NO.5:11-cv-00487-XR |
| § | |
| UNIVERSITY OF TEXAS AT SAN § | |
| ANTONIO and DR. MANSOUR O. § | |
| EL-KIKHIA § | |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT and
MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)**

TO THE HONORABLE XAVIER RODRIGUEZ:

NOW COMES Defendant UNIVERSITY OF TEXAS AT SAN ANTONIO ("UTSA") and files its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c) and Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.
INTRODUCTION**

Plaintiff asserts the claims of race, age and national origin discrimination under Title VII and the Age Discrimination in Employment Act ("ADEA"). However, Plaintiff brought these claims well past the filing deadline and is barred by limitations. Further, Plaintiff brings a claim of race discrimination under 42 U.S.C. §1981 against UTSA. However, §1981 claims may only be brought against "persons" and not entities. Therefore, all claims against UTSA must be dismissed.

**II.
PROCEDURAL HISTORY**

Plaintiff filed his Original Petition on or about January 3, 2011 in Bexar County Court at Law #2 asserting race and national origin discrimination and retaliation claims under the Texas

Labor Code. *See* Exhibit A, Original Petition. In his Original Petition as well as sworn affidavit, Plaintiff claims that he received a "Dismissal and Notice of Rights" dated September 30, 2010 on October 4, 2010 and that he gave notice of his rights to sue Defendants within 90 days of its receipt. *See* Exhibit A, §X Administrative Filings; *see also* Exhibit B, Dismissal and Notice of Rights and Exhibit C, Plaintiff's Affidavit. In response to Defendants' state court Motion for Summary Judgment, Plaintiff amended his Original Petition on May 19, 2011, withdrawing his Labor Code claims and asserting claims of race and national origin discrimination and retaliation under Title VII and 42 U.S.C. §1981 and age discrimination under ADEA. This Motion for Summary Judgment followed.

## III.
## ARGUMENT AND AUTHORITIES

**A.     Summary Judgment Standard**

A motion for summary judgment is properly granted "if the pleadings, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on that issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). Conclusory allegations or general denials are insufficient to preclude summary judgment. *Id.*

**B.     Plaintiff is Barred by Limitations From Bringing His Title VII and ADEA Claims**

Plaintiff is barred by limitations from bringing his Title VII and ADEA claims because Plaintiff failed to file suit based on his claims under federal law within the statutorily prescribed

time period.  Additionally, Plaintiff cannot rely on Section 16.068 of the Texas Civil Practice and Remedies Code, the "relation back" provision, to otherwise avoid limitations regarding his federal claims.

> **1.    Plaintiff's Title VII and ADEA claims are barred by limitations because Plaintiff failed to assert these claims within ninety days of receiving a "Dismissal and Notice of Rights" letter from the EEOC.**

Upon receiving a "Dismissal and Notice of Rights" letter from the EEOC, complainants are thereby given notice they "may file a lawsuit against the respondent(s) *under federal law* based on th[e] charge in federal or state court" but the "lawsuit must be filed *within 90 days* of [their] receipt of th[e] notice, or [their] right to sue based on th[e] charge will be lost."  *See* Exhibit B, Dismissal and Notice of Rights (emphasis added); *see also* 42 U.S.C. § 2000e-5(f)(1).  The "Dismissal and Notice of Rights" letter also indicates limitations for filing suits "based on a claim under state law may be different."  *See id.*  Thus, complainants must file their federal claims within ninety days of receipt of their "Dismissal and Notice of Rights."  42 U.S.C. § 2000e-5(f)(1).  Notably, the limitations periods for claims under federal law and for those under state law are independent of one another.  *Vielma v. Eureka Co.*, 218 F.3d 458, 464 (5th Cir. 2000).  *See also E.E.O.C. v. Commercial Office Prods. Co.*, 486 U.S. 107, 108 (1988) (holding untimely filing under state law did not preclude application of extended federal filing period for some cases); *Oscar Mayer & Co. V. Evans*, 441 U.S. 750, 758–60 (1979) (holding complainant's failure to file age discrimination claim within the state limitations period did not automatically render his federal claim untimely).  Thus, a complainant in Texas may have two opportunities to timely file his or her federal claims.  If the complainant chooses to file suit in state court pursuant to his or her TCHRA notice, he or she only has 60 days to timely file the suit.  TEX.

LAB. CODE ANN. § 21.254 (Vernon 2006). The complainant may also choose to file suit based on claims under federal law pursuant to his or her EEOC notice, in which case he or she has 90 days to file suit. 42 U.S.C. § 2000e-5(f)(1). At most, however, complainants have 90 days to file suits based on claims under federal law. This is true for Title VII claims as well as ADEA claims. *See* 29 U.S.C. §626(e) ("A civil action may be brought under [the ADEA] by a person . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice [of right-to-sue]."); *Hawkins v. Frank Gillman Pontiac,* 102 Fed.Appx. 394, 397, 2004 WL 1431663, at *2 (5th Cir. June 25, 2004); *Carmicheal v. Ingram Ready-Mix,* 2006 WL 505735, at *2 (W.D.Tex. Jan.18, 2006) ("A private civil action under Title VII and the ADEA must be brought within ninety days of the claimant's receipt of an EEOC right-to-sue letter.").

Plaintiff received a "Dismissal and Notice of Rights" letter from the EEOC on October 4, 2010. *See* Exhibit A, § XI Administrative filings. Plaintiff did not assert claims under federal law (here, Title VII and § 1981) until May 19, 2011 in an amended petition filed in response to Defendant's Motion for Summary Judgment in state court. *See* Exhibit D, Amended Petition. Plaintiff's amended petition asserting claims under federal law was filed 227 days after receiving his "Dismissal and Notice of Rights" letter from the EEOC, well outside the ninety day limitations period required under 42 U.S.C. § 2000e-5(f)(1), and as clearly stated in the "Dismissal and Notice of Rights" letter. *See* Exhibits B & D. Plaintiff had 90 days to assert claims under federal law. However, Plaintiff failed to do so and therefore, Plaintiff's federal claims are barred by limitations.

> **2.    Plaintiff cannot rely on Section 16.068, the "relation back" provision, to otherwise avoid limitations because the claims under state law asserted in his original pleading were also barred by limitations.**

UTSA anticipates that Plaintiff will argue that his federal claims relate back to the filing of the original petition, as his federal claims arise out of the same transaction or occurrence, and therefore, he argues, are not barred by limitations. However, this argument fails because Plaintiff's original suit based on claims under state law is also barred by limitations.

Similar to Rule 15(c) of the Federal Rules of Civil Procedure, a Texas litigant can amend an original petition to include claims relating back to claims asserted in an original petition without the later-included claims being barred by limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (Vernon 2008). The Texas Supreme Court first interpreted TEX. CIV. STAT. art. 5539b (Vernon 1948), now Section 16.068, in *Leonard v. Texaco, Inc.*, 422 S.W.2d 160 (Tex. 1967). The *Leonard* Court rejected the previously-used "differences in causes of action" test developed in *Hopper v. Hargrove*, 154 S.W.2d 978 (Tex. Civ. App. 1941, writ ref'd). Instead, the Court interpreted now Section 16.068 to require courts to determine "whether the cause of action alleged in the amended petition is 'wholly based upon and grows out of a new, distinct or different transaction or occurrence.'" *Leonard*, 422 S.W.2d at 163.

The *Leonard* test has been refined to comport with the purpose of §16.068, which is to allow litigants to amend pleadings without being subject to a plea of limitations as long as the amendments are not based on entirely new transactions. A two-pronged test is used to determine whether an amended petition relates back under §16.068. *Cooke v. Maxam Tool and Supply, Inc.*, 854 S.W.2d 136, 141 (Tex. App.–Houston [14th Dist.] 1993, writ denied) (citing TEX. CIV. PRAC. & REM. CODE ANN.§ 16.068; *Leonard v. Texaco*, 422 S.W.2d 160 (Tex. 1967); and

*Lathem v. Richey*, 772 S.W.2d 249 (Tex. App.–Dallas 1989, writ denied)).  First, the court must determine whether the causes of action asserted in the original pleading were time barred when filed.  *Id.*  Second, if the causes of action asserted in the original pleading were *not* time barred, the court must then determine whether the amended pleading is based entirely on new, distinct, or different transactions or occurrences.  *Id.*  If the amended pleading is based on new, distinct, or different transactions or occurrences, it does not "relate back" to the original cause of action and therefore, is subject to limitations.  *Id.*; TEX. CIV. PRAC. & REM. CODE ANN.§ 16.068 (Vernon 2008).

As stated above, the first prong of the test requires the court to determine whether the cause of action asserted in the original petition was time barred when filed.  *Cooke*, 854 S.W.2d at 141.  For a claim in an amended pleading to come within the scope of §16.068, the original cause of action must not have been barred by limitations.  TEX. CIV. PRAC. & REM. CODE ANN. §16.068 (Vernon 2008); *Cooke*, 854 S.W.2d at 141.  If the cause of action asserted in the original petition was time barred when filed, any causes of action otherwise time barred and asserted in an amended pleading may not benefit from §16.068 to avoid limitations.  *Id.*  In other words, a litigant cannot predicate otherwise time barred claims on an original pleading which asserts claims also barred by limitations.  *Id.*  Furthermore, "if the statute of limitations would have barred a cause of action when the original pleading was filed, it will still bar that cause of action when it is first asserted by amended pleading."  *Almazan v. United Services Automobile Ass'n*, 840 S.W.2d 776, 778 (Tex. App.–San Antonio 1992, writ denied).  *See Springwoods Shopping Center, Inc. v. Univ. Sav. Ass'n*, 635 S.W.2d 440, 444 (Tex. App.–Houston [1st Dist.] 1982) (citing *Leonard* to hold a cause of action raised in an amended petition is not barred by

limitations if the original cause of action was not barred when the original pleading was filed), *rev'd on other grounds*, 644 S.W.2d 705 (Tex. 1982); *Powell v. Brantly Helicopter Corp.*, 396 F.Supp. 646, 652–53 (E.D. Tex. 1975) (finding, under Texas law, "the only way a subsequent amendment can evade the prescription of the statute of limitations is if the original cause of action was not subject to a plea of limitation" (referencing *Leonard*)).

In the case at bar, Plaintiff cannot rely on Texas Civil Practice & Remedies Code §16.068 to avoid limitations regarding his claims under federal law because Plaintiff's claims under state law, asserted in his original pleading, are also barred by limitations and therefore, fails to satisfy the first prong of the *Cooke* analysis.

Plaintiff's suit based on claims under state law are barred by limitations because Plaintiff failed to file suit within sixty days as required by Texas Labor Code §21.254. Plaintiff received his Notice-of-Right-to-Sue from the TCHRA on October 19, 2010. *See* Exhibit E. However, Plaintiff did not file suit based on these state law claims until January 3, 2011. *See* Exhibit A. Because Plaintiff chose to file suit based on claims under state law, he had sixty days to do so. Tex. Civ. Prac. & Rem. Code Ann. § 21.254 (Vernon 2006). However, Plaintiff waited 76 days upon receiving his Notice-of-Right-to-Sue from the TCHRA before filing suit based on claims under state law and therefore, failed to comply with the statutory limitation. *See id.* As a result, Plaintiff's suit based on claims under state law are barred by limitations, directly affecting the viability of Plaintiff's claims under federal law as asserted in his amended pleading.

Because Plaintiff's suit based on claims under state law is barred by limitations, Plaintiff cannot take advantage of the "relation back" provision of Section 16.068 to withstand a plea to limitations regarding his claims under federal law. *See Cooke*, 854 S.W.2d at 141 (holding

otherwise time barred claims cannot relate back to pleadings asserted claims also barred by limitations). Amended pleadings asserting claims under federal law cannot "relate back" to the original petition and avoid being barred by limitations if the claims asserted in the original pleadings were also barred by limitations. *Cooke*, 854 S.W.2d at 141. Plaintiff failed to file suit based on claims under state law within the sixty day time period as required by the Texas Labor Code, and therefore, Plaintiff's claims under state law are barred by limitations. Therefore, because Plaintiff's claims under state law, as asserted in his original petition, are barred by limitations, Plaintiff's claims under federal law asserted in his amended petition cannot "relate back" to the original pleadings. *See id.* (holding claims asserted in amended pleading not viable when new claims relate back to claims in original pleading that are barred by limitations).

Under every possible scenario, Plaintiff has failed to file suit based on claims under federal law within ninety days, or otherwise avoid limitations by relating his claims under federal law to previously asserted claims arising from the same transaction or occurrence. Therefore, Plaintiff's claims under federal law are barred by limitations.

**C.     UTSA Seeks to Dismiss Plaintiff's §1981 Pursuant to F.R.C.P. 12(b)(6).**

The Federal Rules of Civil Procedure permit dismissal of a lawsuit if the plaintiff has failed to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entertm't, Inc. v. National Football League Props., Inc.,* 151 F.3d 247, 249 (5th Cir. 1998). When ruling on a motion to dismiss, the court "must accept all well-pleaded facts as true, and . . . view them in a light most favorable to the plaintiff." *Duffy v. Leading Edge Prods., Inc.,* 44 F.3d 308, 312

(5th Cir. 1995). "However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations' . . . '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Id*.

The text of §1981 states that the section applies to protect against "nongovernmental discrimination." 42 U.S.C. §1981(c). Indeed, "section 1981 does not provide a separate cause of action against governmental entities." *King v. Louisiana*, 294 Fed. Appx. 77, 84 n. 9 (5th Cir.2008). In *Oden v. Oktibbeha County, Miss.,* 246 F.3d 458 (5th Cir.2001), the Fifth Circuit held that "§1981 implicitly created an independent cause of action against *private* actors because no other statute created such a remedy," but that "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law." *Id.* at 463 (citing *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 732 (1989)). Thus, Plaintiff cannot pursue his §1981 claim against UTSA, a state entity.

## IV.
## PRAYER AND CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to grant this Motion for Summary Judgment and Motion to Dismiss.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ Erika M. Laremont
**ERIKA M. LAREMONT**
State Bar No. 24013003
Assistant Attorney General
General Litigation Division
Post Office Box 12548, Capitol Station
Austin, Texas  78711-2548
512-463-2120 (Telephone)
512-320-0667 (Facsimile)
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Adam Poncio
PONCIO LAW OFFICES
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
(210) 212-7979
(210) 212-5880 FAX
**Attorney for Plaintiff**

                                              /s/ Erika M. Laremont
                                              ERIKA M. LAREMONT
                                              Assistant Attorney General