IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RODOLFO ROSALES | § § § | |
| v. | § § § § | CIVIL ACTION NO. 5:11-CV-0487-XR |
| UNIVERSITY OF TEXAS AT SAN ANTONIO AND DR. MANSOUR O. EL-KIKHIA | § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT UTSA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Rodolfo Rosales, Plaintiff, and submits the following response to Defendant's Motion for Partial Summary Judgment and Motion to Dismiss, and in support thereof Plaintiff would show:

1. **A. Do the Plaintiff's Claims Relate Back to the Filing of the First Complaint?**

Rule 15c. An amended complaint may "relate back" to an original complaint for statute of limitations purposes. Whether an amended complaint relates back to an original complaint is governed by Rule 15©, which states in relevant part:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> . . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> © the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party is brought in by amendment:

>   (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15©. Thus, for Plaintiff to establish that the amended complaint relates back to the original complaint, he must demonstrate that the amended pleading satisfies the elements provided in Rule 15(c)(1)(B)-©: (1) it must arise from the same transaction or occurrence as the original pleading ... and (2) ... the party named in the amended pleading must have both received sufficient notice of the pendency of the action so as not to be prejudiced in preparing a defense, and have known or should have known that but for a mistake of identity the party would have been named in the original pleading. See Steven Baicker-McKee, William M. Janssen, & John B. Corr, Federal Civil Rules Handbook 531-32 (2009).

2.     "An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrences set forth or attempted to be set forth in the original pleading." Thus, whether the first amended complaint relates back to the original complaint "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 125 S. Ct. 2562, 2572 (2005). "So long as the original and amended [complaints] are tied to a common core of operative facts, relation back will be in order." Id. at 2574.

3.     It is clear that the intent of the original petition and first amended petition was to insure that Plaintiff would proceed with a claim based on his age, race and disabilities, discrimination, harassment and retaliation. It is clear from the date of filing of the suit and the right to sue from the EEOC that the intent was to comply with the federal right to sue letter and to file within the time period set out in the federal right to sue letter.

4.      In Feinberg v. Katz, 2002 U.S. Dist. LEXIS 13771, 2002 WL 1751135 (S.D.N.Y. July 26, 2002), the plaintiff sought to amend his complaint, which only contained a common law fraud allegation, to include a RICO claim. *2002 U.S. Dist. LEXIS 13771, 2002 WL 1751135, at \*10.* The defendant argued that the motion to amend should be denied because "RICO claims are of an entirely different species than common law fraud claims . . . . [T]he relation-back doctrine cannot extend to claims that convert garden variety fraud into RICO causes of action." *Id.* The district court, however, held that Rule 15© required the newly pled RICO claim to relate back so long as the original complaint referred to general acts of fraud that could support a RICO claim. Id., citing Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 35-36 (2d Cir. 2002). The court stated, "[D]efendants are put on notice sufficient to satisfy Rule 15© when acts of malfeasance that become RICO predicate acts are first alleged under a different fraud theory. This is so **even when the acts of fraud are "not fully developed," and no hint of a future RICO claim is given."** *2002 U.S. Dist. LEXIS 13771, [WL] at \*11* (citations omitted). See also Daniels v. Bursey, 313 F. Supp. 2d 790, 811 n.7 (N.D. Ill. 2004) (noting summarily that plaintiffs' RICO claim related back to the original complaint, which only contained a common law fraud claim, since both claims arose from the same conduct); accord Reynolds v. Condon, 908 F. Supp. 1494 (N.D. Iowa 1996) (allowing relation back of a newly alleged RICO claim where the original complaint alleged only fraud because the RICO predicate acts arose from the same "common nucleus of operative fact" as the fraud claim).

5.      In the present case, the same operative facts are involved and it is clear from the timing of the filing and the federal right to sue letter that the intent was to assert federal claims. When a party merely states a new legal theory or further expounds upon facts previously alleged, the proffered amended complaint relates back to the previously filed complaint's filing date. See F.D.I.C. v. Conner, 20 F.3d 1376, 1386 (5th Cir. 1994) ("[I]f a plaintiff seeks to . . . state a new legal theory of

relief, or amplify the facts alleged in the prior complaint, then relation back is allowed."); F.D.I.C. v. Bennett, 898 F.2d 477, 479-80 (5th Cir. 1990) (allowing plaintiff's newly alleged legal theory to relate back to the original complaint where the rights asserted arose from the same "conduct, transaction, or occurrence").

6. **B. 1981 Claims Against UTSA**

Defendant is correct with regard to 1981 complaints against UTSA and the 1981 claims should be dismissed without prejudice.

## CONCLUSION

7. Because Plaintiff's Amended Complaint should relate back to the filing of the initial complaint and involve the same core facts and because it is clear that Plaintiff's intent was to raise the complaints based on the EEOC right to sue letter, Defendant's Motion for Summary Judgment should be in all things denied. The court should grant the motion to dismiss as to the 1981 claims against UTSA.

Respectfully Submitted,

By: _____
ADAM PONCIO
State Bar No. 16109800

PONCIO LAW OFFICES, P.C.
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:   (210) 212-7979
Facsimile:   (210) 212-5880

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a on this 11th day of October, 2011 a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF, which will send notification of such filing to the following:

Erika M. Laremont
Assistant Attoney General
General Litigation Division
PO Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2120 Telephone
(512) 320-0667 Facsimile

_____
ADAM PONCIO