# In the United States District Court
## for the
## Western District of Texas

| | | |
|---|---|---|
| RODOLFO ROSALES | § | |
| | § | |
| v. | § | SA-11-CV-487-XR |
| | § | |
| UNIVERSITY OF TEXAS AT | § | |
| SAN ANTONIO AND MANSOUR | | |
| O. EL-KIKHIA | | |

## ORDER

On this day came on to be considered Defendants' motion for partial summary judgment (dkt. no. 9) and Defendants' amended motion for summary judgment (dkt no. 14).

## Background

Plaintiff is an Associate Professor of Political Science at the University of Texas at San Antonio, and teaches urban politics, political philosophy, and Chicana/Chicano Politics. He alleges that in November 2009, Dr. El-Kikhia, who is chair of the Department of Political Science and Geography, attempted to question him about certain student complaints. It is unclear what transpired after that, but Plaintiff now claims he was subjected to discrimination, harassment and retaliation in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act (ADEA).

On July 9, 2010, he filed a charge of discrimination with the Texas

Workforce Commission and the EEOC alleging race, national origin and age discrimination.  He also alleged retaliation.

On September 30, the EEOC issued a dismissal and notice of right to sue. On October 19, the Texas Workforce Commission issued its notice of right to file a civil action.  Plaintiff originally filed this lawsuit in state court on January 3, 2011.  In his original petition he alleged that UTSA engaged in discrimination, harassment and retaliation in violation of the Texas Commission on Human Rights Act (TCHRA), Texas Labor Code §§ 21.001, et seq.

After the Defendants filed a motion for summary judgment, on May 19, 2011, Plaintiff filed a first amended petition, which deleted the TCHRA claims, but added claims for violations of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), and 42 U.S.C. § 1981.  Thereafter, Defendants removed the case to this Court.

## Defendants' Motion for Partial Summary Judgment

In their motion, Defendants assert that Plaintiff's Title VII and ADEA claims are barred by limitations.  Defendants assert that Plaintiff received his EEOC dismissal and notice of right to sue on October 4, 2010.  Accordingly, they argue that Plaintiff filed his federal discrimination claims well outside the requisite 90-day limitations period.[1]  In addition, UTSA argues that Plaintiff's

---

[1] Title VII requires persons claiming discrimination or retaliation to file a civil action within ninety days after receipt of a right to sue letter.  42 U.S.C. § 2000e-5(f)(1).  The Fifth Circuit has held that "the 90-day period of limitation established by 42 U.S.C. § 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant."  *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986).

section 1981 claim fails because such an action cannot be bought against a governmental entity.

## Standard of Review

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment.  *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

## Analysis

### Section 1981 claim

Plaintiff concedes that a section 1981 claim may not be brought against UTSA.  This claim is dismissed without prejudice.

### Limitations

Plaintiff argues that pursuant to Fed. R. Civ. P. 15(c) his Title VII and ADEA claims should relate back to the original petition he filed instate court on January 3, 2011.  Defendant insists that Tex. Civ. Prac. & Rem. Code § 16.068 mandates dismissal.

A. What Law Governs?

Tex. Civ. Practice & Remedies Code § 16.068 states:

If a filed pleading relates to a cause of action, cross action,

counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

When the original petition was filed in state court on January 3, 2011, Plaintiff's TCHRA claims were barred by limitations. Plaintiff was required to file those within sixty days of receiving his October 19 Texas Workforce Commission notice. *See* Tex. Labor Code § 21.254. Accordingly, Defendants argue that Plaintiff's federal claims cannot "relate back" to January 3 because they would "relate" to a cause of action that was barred by limitations.

Fed. R. Civ. P. 15(c) states, in part:

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back; **[or]**
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading;

Under Rule 15(c), Plaintiff's federal discrimination clams need only assert a claim that arose out of the conduct or occurrence set out--or **attempted** to be set out--in the original pleading.

The question of which law applies does not appear to have been settled by the Fifth Circuit. Two recent district court opinions have stated that relation back "is determined by whichever is more forgiving between state law or federal law." *See Murthy v. Abbott Laboratories*, --- F.Supp.2d ----, 2011 WL 5416333 (S.D. Tex. 2011); *Schirle v. Sokudo USA, LLC*, Civ. A. No. 4:08-CV-555-Y, 2011

4

WL 2881422 (N.D. Tex. July 19, 2011).  A number of older cases, however, have concluded that state law controls.  *See Vela v. T-Mobile, USA, Inc.*, Civ. A. No. EP-04-CA-0382-PRM, 2005 WL 1404161 (W.D. Tex. May 16, 2005)("When a federal court determines whether an amended petition relates back to an original petition and the amendment took place prior to removal, state law controls.  T-Mobile contends that Vela's first amended petition cannot relate back to her original petition because the original petition was itself time-barred. The Court agrees."); *Kopecki v. City of Corpus Christi*, Civ. A. No. C-06-513, 2007 WL 320975 (S.D. Tex. Jan. 30, 2007)(citing numerous cases); *McConnell v. Thomson Newspapers, Inc.*, 802 F. Supp. 1484 (E.D. Tex. 1992).

Inasmuch as this is not a diversity case, and only involves a federal question (Title VII and ADEA), an argument can be made that Fed. R. Civ. P. 15(c) should apply.  On the other hand, the state court had concurrent jurisdiction to adjudicate the Title VII and ADEA claims.  If the Defendants had not removed, the Title VII and ADEA claims would be barred under state procedural rules.  It is unclear why the claims should be revived simply because of the removal.  Accordingly, this Court adopts the conclusion set forth in *Vela* and grants Defendants' motions.

## Conclusion

Defendants' motion for partial summary judgment (dkt. no. 9) and Defendants' amended motion for summary judgment (dkt no. 14) are granted. The Clerk is directed to issue a judgment that Plaintiff take nothing on his

claims.  Costs of court are assessed against Plaintiff.

It is so ORDERED.

SIGNED this 3rd day of January, 2012.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE